*Hartford,*
June, 1818.

Stanton
*v.*
Button.

</div>

WETMORE *against* ROBINSON :

### IN ERROR.

THIS was an action of trespass *vi et armis*, alleging, that the plaintiff [*Robinson*] was the lawful owner and possessor of a farm of land situated in *Lebanon*, abutting about 100 rods on the main town-street, and containing about sixty acres ; which was, for many years, possessed by his father and brother, now deceased ; and that in the front of said farm of land, and nearer to the plaintiff's land than to any other person's, was situated a small natural pond of water ; that for a time whereof the memory of man runneth not to the contrary, the owners of said farm have enjoyed the privilege of said water in said pond, and also, when the same was dry, have used and enjoyed the privilege of taking manure out of said pond, which was well known to the defendant ; but that the defendant, intending to injure the plaintiff, did, at said *Lebanon*, on the 20th day of *August* 1816, and at divers other times since, maliciously, with force and arms, injure the plaintiff in the uninterrupted enjoyment of the use and privilege of the water and manure of said pond, by throwing stones into said pond, and by endeavouring to cause said pond to be drained, and to prevent the accumulation of manure therein,—all with a set design to injure the plaintiff in his natural right to the water and manure of said pond, a

Where the plaintiff declared, that he was the lawful owner and possessor of a farm, abutting on the highway, and that, in front of his farm, and nearer to his land than to any other person's, was a pond of water, from which the owners of the farm had immemorially enjoyed the privilege of taking water and manure ; it was held, that this was not equivalent to an allegation that the plaintiff was in possession of the pond, or of such privilege.

Trespass *vi et armis* will not lie for disturbance in the enjoyment of an incorporeal right, but the proper remedy is an action on the case.

*Hartford,*
June, 1818.

Wetmore
*v.*
Robinson.

necessary and valuable appurtenant to the usual enjoyment of said farm ; which doings of the defendant were against the peace, and contrary to the plaintiff's mind and will.

The defendant pleaded *Not guilty,* on which issue was joined ; and the plaintiff obtained a verdict, with 10 dollars damages.

The defendant then brought the present writ of error, assigning the insufficiency of the declaration.

*Brainard,* for the plaintiff in error, contended that the declaration was insufficient, 1. Because it states no title in the *locus in quo.* The plaintiff says he owns a *farm,* and the pond is *near* it. He does not say, that he owns, or is possessed of, the *pond.* Indeed, by saying that it is *in front* of his farm, and *near* it, he *excludes* it from his own land. Nor does he shew, what he probably aimed at, an exclusive right in himself, by prescription, to the use of the pond. He only can prescribe, who is entitled to the inheritance. *Baker & ux.* v. *Brereman, Cro. Car.* 418. In perfect consistency with this declaration, the right, which the plaintiff means to claim, and which, he says, the former owners of his farm have enjoyed, may have been common to all the citizens of the state.

2. Because this action is not the proper remedy ; which is, either an action *on the case* for obstructing the plaintiff's right ; or a public prosecution. 3 *Black. Comm.* 219. *Hubert* v. *Groves,* 1 *Esp. Rep.* 148. *Trespass* will not lie, first, because the injury, if any, is *consequential ;* secondly, because no *possession* is shewn. The gist of this action is an injury to the possession. 1 *Chitt. Plead.* 175, 6.

3. Because it does not shew, that the defendant has done any injury to the plaintiff's right. The defendant has, indeed, thrown stones into the pond, and *endeavoured* to drain it ; but *non constat* that the act of throwing stones did any hurt, or that the endeavour to drain succeeded.

*Goddard* and *I. Perkins,* for the defendant in error, admitted, that this action could not be sustained, without shewing an actual or constructive possession ; but contended, that such possession was, by necessary intendment, averred. The plaintiff avers, that he owned and was possessed of a certain farm, abutting on the highway ; and that in front of this farm,

and nearer to it than to any other person's land, was a pond— the *locus in quo.* This must necessarily have been in the highway, between the middle of the highway and the plaintiff's farm ; a portion of land belonging to the plaintiff, for every purpose other than the public travel, as absolutely as his enclosed land. *Peck* v. *Smith,* 1 *Conn. Rep.* 103. Besides, it is averred, that the pond was a necessary and valuable *appurtenant* of the plaintiff's farm ; and the possession of the farm carried with it the possession of the appurtenant.

To shew that trespass *vi et armis* was the proper action in this case, they cited *Wilson* v. *Mackreth,* 3 *Burr.* 1824. 5 *Bac. Abr.* 334. 336.

*Cleaveland,* in reply, was stopped by the Court.

SWIFT, Ch. J. The question in this case, is, whether the declaration is sufficient.

It is contended by the plaintiff, that this is an action for an injury to an incorporeal right, to which he was entitled, by prescription. But there is no averment, that the plaintiff was possessed of such right. He only alleges a possession of a certain farm, in front of which there was a certain pond ; and that, from time immemorial, the owners of the farm had enjoyed certain privileges of the water in the pond ; not that the plaintiff was possessed of such privilege, or that it was ever appurtenant to the farm. If the plaintiff, however, had stated an incorporeal right by prescription, he should have brought an action of trespass *on the case,* for the disturbance ; for trespass *vi et armis* will not lie. To maintain this action, then, it is necessary, that the plaintiff should have alleged, that he was in possession of the place where the injury is charged to have been committed. The plaintiff insists, that though the place is not set forth expressly, yet he has alleged, that he was in possession of a certain farm, bounded on the highway, in front of which, and nearer to his land than any other person's, is a certain pond, where the injury complained of was done ; that as he is entitled to the highway, (excepting the public easement) in virtue of being the adjoining proprietor to it, this is equivalent to an allegation that he was in possession of the *locus in quo.* But he might have been in possession of his farm, and another might have been in possession of the highway ; so that this does not amount to

an allegation, that he was in possession of the place where the injury was done. Of course, the plaintiff is not entitled to recover in this action.

HOSMER, J. The action brought by the plaintiff to redress the injury complained of, is trespass *vi et armis.* The defendant was summoned to answer " in a plea of trespass ;" and the casting the stones complained of into the pond, is laid to have been done " with force and arms," and " against the peace." Whether the action ought to have been trespass *vi et armis,* or trespass on the case, is a question involving the merits of the plaintiff's declaration. But, whether it is of one or the other species, depends not on the facts stated, but on the manner in which the suit is instituted.

It is clear beyond a question, that the facts alleged in the plaintiff's declaration, do not sustain the action of trespass. The gist of this action is the immediate injury to the plaintiff's possession. 1 *Chitty's Plead.* 175. The intent with which the act was done, or whether the act was legal or illegal, forms no part of the criterion. Now, the plaintiff complains of no injury to his possession. He merely states an obstruction, by casting stones into a pond, which had been immemorially enjoyed by himself and those under whom he claims, for the procurement of water and manure, as he had been accustomed. The pond does not appear to be on his farm, or in his actual or constructive possession. If any suit is sustainable, it is trespass *on the case.* But, on this subject I express no opinion, as the point is not before the court.

The judgment complained of, in my judgment, is manifestly erroneous.

The other Judges were of the same opinion.

Judgment reversed.